# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| TOM TIBBS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>JASON K. VAUGHN, et al.<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:08cv787<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Jason Vaughn's ("Mr. Vaughn") motion to stay proceedings and for a protective order;[2] (2) Tom Tibbs, Peggy Tibbs, and Home Advantage, LLC's (collectively, "Plaintiffs") motion for sanctions against Melanie Vaughn ("Ms. Vaughn");[3] and Plaintiffs' motion to amend the scheduling order.[4] The court has carefully reviewed the motions and memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court

---

[1] *See* docket no. 117.

[2] *See* docket no. 123.

[3] *See* docket no. 131.

[4] *See* docket no. 135.

elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

### (1) Mr. Vaughn's Motion to Stay Proceedings and for a Protective Order

Mr. Vaughn moves this court to stay the proceedings in this matter and for a protective order.  Mr. Vaughn argues that this matter should be stayed pending the outcome of a criminal matter before District Judge Clark Waddoups ("Koerber criminal case"), *see* USA v. Koerber, Case No. 2:09-cr-00302, and/or the potential indictment of Mr. Vaughn.  Specifically, Mr. Vaughn seeks to "preserve [his] rights, protections, and privileges under the Fifth Amendment to the Constitution of the United States and the Constitution of the State of Utah, Article 1 §§ 7 & 12."[5]  Mr. Vaughn states that Plaintiffs filed the instant case against him, Ms. Vaughn, and others (collectively, "Defendants") related to loans made by Plaintiffs regarding the business of Founders Capital, LLC.  Mr. Vaughn asserts that requiring him to defend himself in this civil lawsuit while the Koerber criminal case, a matter "regarding the exact same businesses and transactions contemplated in the present case,"[6] is pending could implicate his Fifth Amendment right against self-incrimination.

Plaintiffs contend that Mr. Vaughn's Fifth Amendment rights are not implicated because he has already provided discovery and disclosed facts in both cases such that he has waived any privilege he may have had.  Specifically, Plaintiffs assert that Mr. Vaughn has given testimony in

---

[5] Docket no. 124 at 13-14.

[6] *Id.* at 3.

the Koerber criminal case about his participation with FranklinSquires, Founders Capital, and Freestyle Holdings, as well as testifying that he gave over $3 million in loans to Rick Koerber.

Determining whether to grant or deny a motion to stay in a civil matter "until fear of criminal prosecution is gone" is a discretionary matter for the trial court. *Mid-America's Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir. 1985). "When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009). "However, the extent to which [a party's] Fifth Amendment rights are implicated is . . . only one consideration to be weighed against others. Hence, [a] movant must carry a heavy burden to succeed in such an endeavor." *Wirth v. Taylor*, No. 2:09-cv-127 TS, 2011 WL 222323, at *1 (D. Utah Jan. 21, 2011) (quotations and citations omitted).

While the Fifth Amendment "'does not preclude a witness from testifying voluntarily in matters which may incriminate him,'" the privilege must be affirmatively claimed or the witness "'will not be considered to have been "compelled" within the meaning of the Amendment.'" *Id.* (quoting *United States v. Monia*, 317 U.S. 424, 427 (1943)). A party seeking a stay must demonstrate "a clear case of hardship or inequity if even a fair possibility exists that a stay would damage another party." *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080 (quotations and citation omitted).

In determining whether to grant a stay, courts often employ "some combination" of the following six factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Hilda M. v. Brown*, No. 10-cv-02495-PAB-KMT, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010).

The court has reviewed the facts of the instant case in relation to the above-mentioned factors and has determined that a stay is not warranted. While the court notes that the issues in the Koerber criminal case and the issues in this civil matter do overlap, "'the fact that the government is not a plaintiff in the civil action weighs against a stay because there is no risk that the government will use the broad scope of civil discovery to obtain information for use in the criminal prosecution.'" *Wirth*, 2011 WL 222323, at *2 (quoting *United States ex rel. Shank v. Lewis Enters., Inc.*, No. 04-cv-4105-JPG, 2006 WL 1064072, at *4 (S.D. Ill. 2006)). Furthermore, Mr. Vaughn has not been indicted. Courts generally decline to grant a stay in a civil matter where a defendant is under criminal investigation but has not been indicted. *See In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1238 (N.D. Okla. 2003).

The court further recognizes that this case has been pending since 2008 and that the discovery deadline has passed. While Plaintiffs have an interest in the "expeditious resolution" of this matter, Mr. Vaughn has a "significant interest in avoiding the quandary of choosing between waiving [his] Fifth Amendment rights or effectively forfeiting the civil case." *Hilda M.*, 2010 WL 5313755, at *5 (quotations and citation omitted). The court also "has a strong interest

in keeping litigation moving to conclusion without unnecessary delay." *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1242.  Likewise, the public has an interest in the prompt resolution of both civil litigation and the prosecution of criminal cases.  *See id.*  The level of the public's interest in granting a stay is measured by the interest of the United States Attorney has in the request for a stay.  *See id.*  Because the United States Attorney has not joined in the request for a stay, this factor weighs in favor of denying Mr. Vaughn's motion.

In addition, at a February 23, 2011 hearing in the Koerber criminal case at which Mr. Vaughn testified, Mr. Vaughn was informed by the court that he may be under investigation for actions related to that case and advised him of his Fifth Amendment privilege.  Specifically, the court stated,

> The United States has indicated that you may be under investigation for actions related to this particular case and your involvement in it.  You have the right to exercise your Fifth Amendment privilege and have the representation of counsel if you choose.  I want to make sure that you're fully advised of those rights and if you choose to proceed you may subject yourself to cross-examination by the United States as to bias you may have in favor of Mr. Koerber.  Do you understand that?[7]

Mr. Vaughn indicated that he understood his right to invoke his privilege but that he nonetheless wished to proceed.  Thus, the court concludes that Mr. Vaughn has waived his Fifth Amendment privilege.  Once a party "'elects to waive his privilege . . . he is not permitted to stop, but must go on and make a full disclosure' because the '[d]isclosure of a fact waives the privilege as to details' as well."  *Wirth*, 2011 WL 222323, at *1 (quoting *Rogers v. United States*, 340 U.S. 367, 373 (1951)).

---

[7] Docket no. 124, Exhibit 1 at 8.

After balancing the equities at issue here, the court has determined that a stay of this civil case is not warranted. Accordingly, Mr. Vaughn's motion for a stay of these proceedings and a protective order is **DENIED**.

### (2) Plaintiffs' Motion for Sanctions Against Ms. Vaughn

Plaintiffs seek sanctions against Ms. Vaughn for failing to obey this court's May 11, 2011 order ("Order") that she provide full responses to the requested discovery. The court ordered Ms. Vaughn to respond within thirty (30) days of the date of the Order. Ms. Vaughn has apparently failed to provide the requested discovery and has merely indicated that she "is without knowledge sufficient to answer any of the interrogatories."[8] Moreover, Ms. Vaughn has failed to oppose the instant motion and the time for doing so has passed. *See* DUCivR 7-1(b)(4)(B); *see also* DUCivr 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice."). The court also notes, however, that Ms. Vaughn is proceeding pro se in this matter. While courts "liberally construe pro se pleadings, [that] status does not relieve [a party] of the obligation to comply with procedural rules." *Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002).

Rule 37 of the Federal Rules of Civil Procedure governs sanction awards for failure to cooperate in discovery. It provides in relevant part:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not

---

[8] Docket no. 132, Exhibit D at 2.

> order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Upon review of the Plaintiffs' submissions, the court concludes that (1) Plaintiffs attempted in good faith to obtain the requested discovery without resorting to court intervention, (2) Ms. Vaughn's failure to provide the discovery was not substantially justified, and (3) there are not other circumstances that would make such an award unjust. *See id*.

The court has determined that Plaintiffs are entitled to an award of sanctions against Ms. Vaughn under rule 37(a)(5)(A). At the same time, the court recognizes that before any sanctions can be imposed against Ms. Vaughn under rule 37(a)(5)(A), she must be provided with an opportunity to be heard on that issue. *See id*. In order to fully inform the court on the issue, and to provide Ms. Vaughn with the requisite opportunity to be heard, the parties are directed to make the following filings. Within fourteen (14) days of the date of this order, Plaintiffs' shall file with the court an affidavit and cost memorandum detailing the reasonable expenses, including attorney fees, incurred in bringing the instant motion. Within fourteen (14) days of the filing date of Plaintiffs' affidavit and cost memorandum, Ms. Vaughn shall file a written submission detailing her position on the issue. After receipt of those filings, the court will make a final determination concerning the award of sanctions against Ms. Vaughn.

Based on the foregoing, Plaintiffs' motion for sanctions against Ms. Vaughn is **GRANTED**.

### (3)  Plaintiffs' Motion to Amend the Scheduling Order

Plaintiffs seek to amend the amended scheduling order entered in this case on May 11, 2011.[9]  Mr. Vaughn and Ms. Vaughn have failed to oppose or otherwise respond to Plaintiffs' motion and the time for doing so has passed.  *See* DUCivR 7-1(b)(4)(B); *see also* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").  Accordingly, and for the reasons set forth in Plaintiffs' motion and supporting memorandum, Plaintiffs' motion to amend the scheduling order is **GRANTED**.

Upon entry of the instant order, the court will issue a second amended scheduling order to govern this matter.

**IT IS SO ORDERED.**

DATED this 17th day of November, 2011.

BY THE COURT:

*[signature]*

PAUL M. WARNER
United States Magistrate Judge

---

[9] *See* docket no. 121.