IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TOM TIBBS, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>JASON K. VAUGHN, et al.,<br><br>  Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:08cv787<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Jason K. Vaughn ("Mr. Vaughn") and Melanie F. Vaughn ("Ms. Vaughn") (collectively, "Vaughn Defendants") motions to stay.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

BACKGROUND

In October 2008, Tom Tibbs, Peggy Tibbs, and Home Advantage, LLC's (collectively, "Plaintiffs") brought this lawsuit against the Vaughn Defendants, and others, for, inter alia,

---

[1] *See* docket no. 117.

[2] *See* docket nos. 160, 161.

violations of various provisions of the Securities Act of 1933 and the Utah Securities Act, fraud, breach of contract, and conversion.  Default judgment has been entered against the other defendants in this matter; only the Vaughn Defendants remain.

On November 17, 2011, this court denied Mr. Vaughn's previous motion to stay the instant civil matter ("November 17 Order") pending the outcome of Rick Koerber's criminal case[3] before District Judge Clark Waddoups ("Koerber criminal case"), *see USA v. Koerber*, Case No. 2:09-cr-302, as well as the probable criminal investigation of Mr. Vaughn.  In denying Mr. Vaughn's motion, this court concluded that Mr. Vaughn had waived his Fifth Amendment privilege by testifying in the Koerber criminal case about his participation with FranklinSquires, Founders Capital, and Freestyle Holdings, as well as testifying that he gave over $3 million in loans to Mr. Koerber.  This court also noted that when Mr. Vaughn testified, Judge Waddoups informed him that he may be under investigation for actions related to the Koerber criminal case and advised him of his Fifth Amendment right against self-incrimination.  Specifically, Judge Waddoups stated,

> Counsel for the United States has raised a concern as to whether you are represented by counsel and whether you recognize that you may have a Fifth Amendment privilege not to testify in any manner that would be prejudicial to yourself.  The United States has indicated that you may be under investigation for actions related to this particular case and your involvement in it.  You have the right to exercise your Fifth Amendment privilege and have the representation of counsel if you choose.  I want to make sure that you're fully advised of those rights and if you choose to proceed you may subject yourself to

---

[3] Mr. Koerber is also a defendant in the instant civil case.

cross-examination by the United States as to bias you may have in favor of Mr. Koerber.  Do you understand that?[4]

Mr. Vaughn indicated that he understood his right to invoke his privilege but that he nonetheless wished to proceed.

On April 25, 2012, Mr. Vaughn was indicted two counts of Wire Fraud, one count of Money Laundering, and one court of Interstate Transportation of Money Obtained by Fraud.[5] The Vaughn Defendants have now filed the instant motions to stay the civil case pending the full resolution of the criminal matter against Mr. Vaughn.

## The Vaughn Defendants' Motions to Stay

In the Vaughn Defendants' motions, they argue that "[t]he allegations in the instant case are directly related to the charges in the criminal case [and that a]ny further answers, depositions, or actions in the instant case would prejudice Mr. Vaughn's defense in his criminal case and deprive him of his rights under the Fifth Amendment of the United States Constitution."[6]

Determining whether to grant or deny a motion to stay in a civil matter "until fear of criminal prosecution is gone" is a discretionary matter for the trial court.  *Mid-America's Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir. 1985).  "When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated."  *Creative Consumer Concepts, Inc. v. Kreisler*, 563

---

[4] Docket no. 143 at 5.

[5] *See USA v. Vaughn*, Case No. 2:12-cr-219.

[6] Docket nos. 160, 161.

F.3d 1070, 1080 (10th Cir. 2009). "However, the extent to which [a party's] Fifth Amendment rights are implicated is . . . only one consideration to be weighed against others. Hence, [a] movant must carry a heavy burden to succeed in such an endeavor." *Wirth v. Taylor*, No. 2:09-cv-127 TS, 2011 WL 222323, at *1 (D. Utah Jan. 21, 2011) (quotations and citations omitted).

While the Fifth Amendment "'does not preclude a witness from testifying voluntarily in matters which may incriminate him,'" the privilege must be affirmatively claimed or the witness "'will not be considered to have been "compelled" within the meaning of the Amendment.'" *Id.* (quoting *United States v. Monia*, 317 U.S. 424, 427 (1943)). A party seeking a stay must demonstrate "a clear case of hardship or inequity if even a fair possibility exists that a stay would damage another party." *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080 (quotations and citation omitted).

In determining whether to grant a stay, courts often employ "some combination" of the following six factors:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Hilda M. v. Brown*, No. 10-cv-02495-PAB-KMT, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010); *see In re CFS-Related Securities Fraud Litigation*, 256 F. Supp. 2d 1227, 1236-37 (N.D. Okla. 2003). The court now applies the above factors to this case.

The issues in the criminal case against Mr. Vaughn and the issues in this civil matter overlap significantly.  As such, this factor weighs in favor of a stay.  In addition, because Mr. Vaughn has been indicted on criminal charges based on the same facts as in this civil case, the second factor also appears to weigh in favor of a stay.  But, the court notes that the government is not the plaintiff in this matter and has not joined the request for a stay.  "[T]he fact that the government is not a plaintiff in the civil action weighs against a stay because there is no risk that the government will use the broad scope of civil discovery to obtain information for use in the criminal prosecution."  *Wirth*, 2011 WL 222323, at *2 (quotations and citation omitted).  Thus, this factor neither weighs in favor or against a stay.

The court notes that this matter has been pending for four years.  Plaintiffs have a considerable interest in the "expeditious resolution" of this case.  *Hilda M.*, 2010 WL 5313755, at *5.  Any further "[d]elay could impact [Plaintiffs'] ability to collect on a judgment and be made whole."  *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1239.  Thus, this factor weighs heavily against granting a stay.

While Mr. Vaughn has a "significant interest in avoiding the quandary of choosing between waiving [his] Fifth Amendment rights or effectively forfeiting the civil case," *Hilda M.*, 2010 WL 5313755, at *5 (quotations and citation omitted), this court has previously ruled that Mr. Vaughn has waived his Fifth Amendment rights against self-incrimination.  "[W]here a defendant already has provided . . . testimony on substantive issues [involving both the civil and criminal cases], any burden on that defendant's Fifth Amendment privilege is negligible and cannot provide the basis for a stay."  *Wirth*, 2011 WL 222323, at *3 (quotations and citations

5

omitted). In addition, Mr. Vaughn was deposed in the instant case. As such, Mr. Vaughn has waived his Fifth Amendment privilege and will not be substantially prejudiced if the motions are denied.

As to the final factors, the court "has a strong interest in keeping litigation moving to conclusion without unnecessary delay." *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1242. Likewise, there is compelling public interest in the expeditious resolution of both civil litigation and the prosecution of criminal cases. *See id.* Thus, both factors weigh against granting a stay.

## CONCLUSION

The court has balanced the equities at issue and has determined that Mr. Vaughn has waived his Fifth Amendment privilege against self-incrimination. Accordingly, the court **DENIES** the Vaughn Defendants' motions to stay.[7]

**IT IS SO ORDERED.**

DATED this 28th day of September, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[7] *See* docket nos. 160, 161.