IN THE UNITED STATES DISTRICT COURT DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TOM TIBBS, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>JASON K. VAUGHN, et al.,<br><br>          Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:08cv787<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court is Tom Tibbs, Peggy Tibbs, and Home Advantage, LLC's (collectively, "Plaintiffs") (1) motion for sanctions and to strike pleadings[2] and (2) motion to amend the second amended scheduling order.[3]  The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

---

[1] *See* docket no. 117.

[2] *See* docket no. 152.

[3] *See* docket no. 150.

### I.  Motion for Sanctions and to Strike Pleadings

Plaintiffs move this court to sanction Jason K. Vaughn ("Mr. Vaughn") and Melanie F. Vaughn ("Ms. Vaughn") (collectively, "Defendants") by striking their answer and entering default judgment against them for failing to obey multiple court orders compelling Defendants to cooperate in discovery.  Specifically, Plaintiffs allege that they have repeatedly attempted to obtain responses to their discovery requests (both with and without court intervention) to no avail and that striking Defendants' answer and entering default judgment is the appropriate sanction.

### A.  Relevant Background

On February 3, 2011, Plaintiffs served Defendants separate First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions by regular mail, as well as by email.  On February 5, 2011, Defendants replied to the email and requested that "all postal correspondence" was now to be sent to an address on Main Street.  Thus, on February 7, 2011, Plaintiffs' counsel mailed the discovery requests to that Main Street address.

On March 22, 2011, Mr. Vaughn responded to Plaintiffs' discovery requests by merely identifying documents he had earlier produced to the Federal Bureau of Investigation in a criminal case against Rick Koerber ("Koerber criminal case"), another defendant in this civil case.  Mr. Vaughn did not, however, provide any of the requested documents to Plaintiffs.  On March 23, 2011, Ms. Vaughn responded to Plaintiffs' discovery requests asserting that she did not have any documents in her possession that would responsive to the requests.

On February 22, 2011, Plaintiffs' counsel noticed depositions of Defendants for March 29, 2011, and sent the notice to both Mr. Vaughn's email address as well as the Main Street

address.  Between February 22 and March 28, Plaintiffs' counsel and Defendants exchanged several emails.  Plaintiffs' counsel repeatedly reminded Defendants of the upcoming depositions.  However, Defendants failed to appear for their depositions on March 29, 2011.

On April 11, 2011, Plaintiffs filed a motion to compel discovery, to which Defendants failed to respond.  On May 11, 2011, the court granted Plaintiffs' motion to compel and ordered Defendants to provide the requested discovery within thirty days of the date of that order.  Instead, on May 17, 2011, Mr. Vaughn filed a motion to stay and for a protective order.  Mr. Vaughn asserted that because he was likely under criminal investigation for the activities related to this civil matter and the Koerber criminal case, requiring him to defend himself here could implicate his Fifth Amendment right against self-incrimination in the investigation.

On June 14, 2011, counsel for Plaintiffs sent an email and letter to Ms. Vaughn informing her that she was in violation of the court's order and stating she is subject to sanctions, including the striking of the answer and entry of judgment against her.  On June 23, 2011, Ms. Vaughn responded to the interrogatories with one sentence:  "Melanie F. Vaughn is without knowledge sufficient to answer any of the interrogatories."[4]

On June 27, 2011, Plaintiffs filed a motion for sanctions against Ms. Vaughn for failing to obey the court's order compelling her to respond to discovery.  On November 17, 2011, this court issued a memorandum decision and order on (1) Mr. Vaughn's motion to stay and for a protective order and (2) Plaintiffs' motion for sanctions against Ms. Vaughn.  The court denied

---

[4] Docket no. 153 at 8.

Mr. Vaughn's motion to stay and for a protective order and granted Plaintiffs' motion for sanctions against Ms. Vaughn.[5]  When ruling on the proper amount of the sanction award, this court noted that the discovery deadline was approaching and encouraged Defendants to participate in discovery and to appear for their depositions scheduled for January 20, 2012.[6]

While Defendants both appeared for their depositions, they have yet to produce a single document in response to Plaintiffs' document requests, despite being ordered to do so.  Mr. Vaughn has not provided any written answers to the interrogatories served upon him, and Ms. Vaughn has only provided a single sentence and a single paragraph response stating that she is unable to answer any of the interrogatories or provide documents.  When asked about Defendants' delinquent discovery responses at Ms. Vaughn's deposition, Ms. Vaughn stated, "I'll get to it when I can.  I'm very busy."[7]

On April 27, 2012, this issued an order to show cause why Plaintiffs' motion to strike Defendants' answer should not be granted and default judgment entered against them.[8] Defendants filed a timely response to the order to show cause on May 18, 2012.  In their response, Defendants argue that they are "innocent of the fraud and securities violations" alleged against them in this matter and believe that a jury would agree with them if they were allowed to

---

[5] *See* docket no. 143.

[6] *See* docket no. 149.

[7] Docket no. 153, Exhibit H, at 25.

[8] *See* docket no. 157.


present a defense.[9]  Defendants further assert that they have been unable to retain counsel.  While Defendants argue that they have done their best to respond to orders of the court and the discovery requests of Plaintiffs, the whole process has been very difficult and confusing especially now that Mr. Vaughn has been indicted on two counts of Wire Fraud, one count of Money Laundering, and one court of Interstate Transportation of Money Obtained by Fraud.[10]  Defendants concluded by requesting a continuance of sixty days in which to "sort out" their concerns.[11]

Exactly sixty-one days later, Defendants filed additional motions to stay this case pending the resolution of Mr. Vaughn's criminal case.[12]  Earlier today, this court issued a memorandum decision and order denying those motions to stay.[13]

### B. Analysis

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides, in relevant part, when "a party . . . fails to obey an order to provide or permit discovery . . . the court may . . . strik[e] pleadings in whole or in part . . . [or] render[] a default judgment against the disobedient party."  Fed. R. Civ. P. 37(b)(2)(A).  Although dismissal is a drastic sanction, it is appropriate in cases of willful misconduct.  *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *Whatcott v.*

---

[9] Docket no. 159 at 1.

[10] *See USA v. Vaughn*, Case No. 2:12-cr-219.

[11] *Id.* at 2.

[12] *See* docket no. 160, 161.

[13] *See* docket no. 165.

*City of Provo*, 231 F.R.D. 627, 631 (D. Utah 2005).  The Tenth Circuit has identified five factors a court should consider before dismissing an action:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant . . . ; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance . . . ; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (quotations and citations omitted).  "[S]ome of these factors will take on more importance than others."  *Id.* at 922.  "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make."  *Id.* at 920.

Here, Plaintiffs argue that Defendants have willfully refused to cooperate in the discovery process and have obfuscated the necessary elements of Plaintiffs' case by this willful refusal.  Plaintiffs contend that for over a year, Defendants have done very little to provide the necessary information to which Plaintiffs are entitled.  Plaintiffs further assert that Defendants have interfered with the judicial process by failing to cooperate in discovery after Plaintiffs' repeated good faith efforts to obtain it and by failing to comply with the courts' orders.

The court is sympathetic to Plaintiffs' frustration and agrees that Defendants' conduct appears to be willful.  However, considering Defendants' pro se status, the court is unwilling to recommend striking Defendants' answer and entering default against them as a sanction at this time.  That said, the court believes that the lesser sanction of attorney fees and costs are warranted here and **GRANTS** Plaintiffs' motion for sanctions.

Rule 37 of the Federal Rules of Civil Procedure governs sanction awards for failure to cooperate in discovery. It provides in relevant part:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Upon review of the Plaintiffs' motion and memoranda, the court concludes that (1) Plaintiffs attempted in good faith to obtain the requested discovery without resorting to court intervention, (2) Defendants' repeated failure to provide discovery was not substantially justified, and (3) there are not other circumstances that would make such an award unjust. *See id.*

The court has determined that Plaintiffs are entitled to an award of sanctions against Defendants under rule 37(a)(5)(A). At the same time, the court recognizes that before any sanctions can be imposed against Defendants under rule 37(a)(5)(A), they must be provided with an opportunity to be heard on that issue. *See id.* In order to fully inform the court, and to provide Defendants with the requisite opportunity to be heard, the parties are directed to make the following filings. By October 10, 2012, Plaintiffs' shall file with the court an affidavit and cost memorandum detailing the reasonable expenses, including attorney fees, incurred in bringing the instant motion. By October 19, 2012, Defendants shall file written memoranda responding to

Plaintiffs' affidavit that details their position on the issue of attorneys fees. After receipt of those filings, the court will make a final determination concerning the award of sanctions against Defendants.

In addition, Defendants are ordered to fully respond to all outstanding discovery requests no later than October 31, 2012. After providing full and adequate responses to the outstanding discovery, Defendants are further ordered to participate in another deposition to be scheduled at a mutually convenient time. The depositions shall take place no later than November 30, 2012. Should Defendants fail to respond in full to the discovery or fail to cooperate in any way with the scheduling of or participation in the depositions, this court will recommend that Defendants' answer be stricken and default judgment entered against them. Absent very compelling circumstances, the court will not alter this schedule.

## II. Plaintiffs' Motion for a Third Amended Scheduling Order

Plaintiffs seek to amend the scheduling order in this matter for a third time based on Defendants' refusal to cooperate in discovery. Defendants' have not filed a response to Plaintiffs' motion and the time for doing so has passed. *See* DUCivR 7-1(b)(4)(B); *see also* DUCivr 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice."). Accordingly, and for the reasons set forth above and in Plaintiffs' motion and supporting memorandum, Plaintiffs' motion to amend is **GRANTED**. Upon entry of the instant order, the court will issue a third amended scheduling order to govern this matter that takes in to consideration the dates set forth above.

### III.  Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1)  Plaintiffs' motion for sanctions and to strike pleadings is **GRANTED IN PART AND DENIED IN PART**.  Plaintiffs are awarded sanctions in an amount to be determined upon the filing of the ordered submissions.  At this time, the court declines to recommend the striking of Defendants' answer and the entry of default against them.

(2)  Plaintiffs' motion to amend the second amended scheduling order is **GRANTED**.  Upon entry of the instant order, the court will issue a third amended scheduling order.

**IT IS SO ORDERED**.

DATED this 28th day of September, 2012.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge