# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| TOM TIBBS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JASON K. VAUGHN, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:08-cv-787-TC-PMW <br><br> District Judge Tena Campbell <br><br> Magistrate Judge Paul M. Warner |

Before the court are Tom Tibbs, Peggy Tibbs, and Home Advantage, LLC's (collectively, "Plaintiffs") motions to strike Melanie F. Vaughn's ("Melanie") and Jason K. Vaughn's ("Jason") (collectively, "Defendants") pleadings and enter default judgment against each of them.[1] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary. *See* DUCivR 7-1(f). Accordingly, the court will rule on the motions on the basis of the written memoranda submitted. *See id.*

At the outset, the court notes that Defendants are proceeding pro se in this case. Consequently, the court will construe their pleadings and other submissions liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

---

[1] *See* docket nos. 178, 179.

In October 2008, Plaintiffs brought this lawsuit against Defendants, and others, for, among other things, violations of various provisions of the Securities Act of 1933 and the Utah Securities Act, fraud, breach of contract, and conversion.  Defendants and their wholly owned companies—Freestyle Holdings, LLC ("Freestyle"); Medley Enterprises, LLC ("Medley"); and Butterfly Properties, LLC ("Butterfly")—were affiliates and business acquaintances of Rick Koerber, Founders Capital, and FranklinSquires (collectively, "Koerber Defendants").  Medley is the sole member manager of Freestyle and Defendants are the sole member managers of Medley.

Plaintiffs contend that through Freestyle and/or Medley, Defendants issued securities to various investors, including Plaintiffs, in the form of demand promissory notes with promised monthly returns of 3, 4, and/or 5 percent.  Plaintiffs assert that Defendants told some prospective investors that the funds would be advanced to the Koerber Defendants and invested in real estate related transactions.

Plaintiffs invested a total of $606,463.49 with Freestyle, which issued promissory notes providing for a 3 percent per month return of investment.  Defendants were able to cover the 3 percent per month returns to investors because Freestyle was receiving 5 percent per month in returns from the Koerber Defendants.

On August 20, 2007, Plaintiffs sent a demand letter for repayment of their investment capital.  Plaintiffs contend that none of the invested funds have been repaid.

On February 3, 2011, Plaintiffs served Defendants with separate Interrogatories, Requests for Production of Documents, and Requests for Admissions by regular mail, as well as by e-mail.

On February 5, 2011, Defendants replied to the e-mail and requested that all postal correspondence was now to be sent to an address on Main Street. Thus, on February 7, 2011, Plaintiffs' counsel mailed the discovery requests to that Main Street address.

On March 22, 2011, Jason responded to Plaintiffs' discovery requests by merely identifying documents he had earlier produced to the Federal Bureau of Investigation in a criminal case against Rick Koerber ("Koerber criminal case"), another defendant in this civil case. Jason did not, however, provide any of the requested documents to Plaintiffs. On March 23, 2011, Melanie responded to Plaintiffs' discovery requests asserting that she did not have any documents in her possession that would be responsive to the requests.

On February 22, 2011, Plaintiffs' counsel noticed depositions of Defendants for March 29, 2011, and sent the notice to both Jason's e-mail address, as well as the Main Street address. Between February 22 and March 28, Plaintiffs' counsel and Defendants exchanged several e-mails. Plaintiffs' counsel repeatedly reminded Defendants of the upcoming depositions. However, Defendants failed to appear for their depositions on March 29, 2011.

On April 11, 2011, Plaintiffs filed a motion to compel discovery, to which Defendants failed to respond. On May 11, 2011, the court granted Plaintiffs' motion to compel and ordered Defendants to provide the requested discovery within thirty days of the date of that order ("First Order").[2] Instead, on May 17, 2011, Jason filed a motion to stay and for a protective order. Jason asserted that because he was likely under criminal investigation for the activities related to

---

[2] *See* docket no. 120.

this civil matter and the Koerber criminal case, requiring him to defend himself here could implicate his Fifth Amendment right against self-incrimination in the investigation.

On June 14, 2011, counsel for Plaintiffs sent an e-mail and letter to Melanie informing her that she was in violation of the court's order and stating she was subject to sanctions, including the striking of her pleadings and entry of judgment against her. On June 23, 2011, Melanie responded to Plaintiffs' Interrogatories with one sentence: "Melanie F. Vaughn is without knowledge sufficient to answer any of the interrogatories."[3]

On June 27, 2011, Plaintiffs filed a motion for sanctions against Melanie for failing to obey the court's order compelling her to respond to discovery. On November 17, 2011, this court issued a memorandum decision and order on (1) Jason's motion to stay and for a protective order and (2) Plaintiffs' motion for sanctions against Melanie ("Second Order").[4] The court denied Jason's motion to stay and for a protective order and granted Plaintiffs' motion for monetary sanctions against Melanie.

From the date of the Second Order until January 6, 2012, Melanie failed to produce a single additional document as requested in Plaintiffs' Requests for Production of Documents. In that time frame, Melanie's only written answer to any of Plaintiffs' Interrogatories was a single paragraph that did not directly respond to the Interrogatories individually. Since the date of the Second Order, Jason has not produced a single document as requested in Plaintiffs' Requests for

---

[3] Docket no. 153 at 8.

[4] *See* docket no. 143.

Production of Documents and has failed to provide any written answers to Plaintiffs'
Interrogatories.

In an order issued on January 6, 2012, which ruled on the proper amount of the sanction award against Melanie, the court noted that the discovery deadline was approaching and encouraged Defendants to participate in discovery and to appear for their depositions scheduled for January 20, 2012 ("Third Order").[5]

While Defendants both appeared for their depositions, they failed to produce a single document in response to Plaintiffs' Requests for Production of Documents, despite being ordered to do so in the Third Order. Jason failed to provide any written answers to Plaintiffs' Interrogatories, and Melanie provided only a single sentence and a single paragraph response stating that she was unable to answer any of Plaintiffs' Interrogatories or provide documents. When asked about Defendants' delinquent discovery responses at Melanie's deposition, Melanie stated, "I'll get to it when I can. I'm very busy."[6]

On February 7, 2012, Plaintiffs filed a motion to enter sanctions against Defendants and strike their pleadings.[7] Neither Jason nor Melanie filed any response to that motion.

On April 27, 2012, the court issued an order to show cause why Plaintiffs' motion to strike Defendants' pleadings should not be granted and default judgment entered against them

---

[5] *See* docket no. 149.

[6] Docket no. 153, Exhibit H, at 25.

[7] *See* docket no. 152.

("Fourth Order").[8]  In the Fourth Order, the court warned Defendants that their failure to respond to it could result in their pleadings being stricken and default judgment being entered against them.

Defendants filed a timely response to the Fourth Order on May 18, 2012.  In their response, Defendants argued that they were "innocent of the fraud and securities violations" alleged against them in this matter and that they believed that a jury would agree with them if they were allowed to present a defense.[9]  Defendants further asserted that they had been unable to retain counsel.  While Defendants argued that they have done their best to respond to orders of the court and the discovery requests of Plaintiffs, they indicated their belief that the whole process had been very difficult and confusing especially given that Jason had been indicted on two counts of Wire Fraud, one count of Money Laundering, and one court of Interstate Transportation of Money Obtained by Fraud.[10]  Defendants concluded by requesting a continuance of sixty days in which to "sort out" their concerns.[11]

Exactly sixty-one days later, Defendants filed additional motions to stay this case pending the resolution of Jason's criminal case.[12]  On September 28, 2012, the court issued a

---

[8]  *See* docket no. 157.

[9]  Docket no. 159 at 1.

[10]  *See USA v. Vaughn*, Case No. 2:12-cr-219.

[11]  Docket no. 159 at 2.

[12]  *See* docket no. 160, 161.

memorandum decision and order denying those motions to stay.[13]  The same day, the court issued

a separate order requiring Defendants to fully respond to all outstanding discovery requests no

later than October 31, 2012 ("Fifth Order").[14]  Defendants were also each ordered to participate

in an additional deposition.  Defendants were warned that their failure to fully respond to the

discovery requests or to cooperate in the scheduling of or participation in their depositions could

result in a their pleadings being stricken and default judgment being entered against them.

On November 8, 2012, Plaintiffs served a subpoena to produce documents on both Jason

and Melanie.  Plaintiffs also served a notice of deposition on both Jason and Melanie.

Since the entry of the Fifth Order, Jason has failed to produce a single document or

provide any responses to Plaintiffs' Requests for Production of Documents, failed to provide any

written responses to Plaintiffs' Interrogatories, and refused to testify at his properly noticed

deposition set for November 26, 2012.  Although Melanie did appear for her deposition on

November 26, 2012, she did not participate in the deposition in any meaningful way.  Further,

she consistently disclaimed any responsibility for providing documents from Freestyle, Medley

and Butterfly, even though she admitted she is a 50% owner and a manager of each of those

entities.

On January 18, 2013, Plaintiffs filed the motions currently before the court, which seek to

strike the pleadings of both Jason and Melanie and have default judgment entered against each of

them.

---

[13]  *See* docket no. 165.

[14]  *See* docket no. 166.

ANALYSIS

In their motions, Plaintiffs assert that Defendants' pleadings should be stricken and default judgment should be entered against each of them based upon Defendants' failure to obey multiple court orders compelling them to cooperate in discovery. Specifically, Plaintiffs allege that they have repeatedly attempted to obtain responses to their discovery requests (both with and without court intervention) to no avail and that striking Defendants' pleadings and entering default judgment against each of them is now the appropriate sanction.

Rule 37 of the Federal Rules of Civil Procedure provides, in relevant part, that when "a party . . . fails to obey an order to provide or permit discovery . . . the court . . . may . . . strik[e] pleadings in whole or in part . . . [or] render[] a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi). Before imposing such sanctions, the Tenth Circuit has identified five factors a court should consider:

> (1) the degree of actual prejudice . . . ; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that [default judgment] would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (quotations and citations omitted) (second alteration in original).[15] "[S]ome of these factors will take on more importance than

---

[15] The *Ehrenhaus* court analyzed these factors in determining whether dismissal was an appropriate sanction under rule 37. *See* Fed. R. Civ. P. 37(b)(2)(A)(v); *Ehrenhaus*, 965 F.2d at 920-921. District courts in the Tenth Circuit have analyzed the same factors in considering whether entry of default judgment is an appropriate sanction. *See, e.g.*, *Solis-Marrufo v. Bd. of Comm'rs for Bernalillo*, No. CIV 11-0107 JB/KBM, 2013 U.S. Dist. LEXIS 55068, at *104-106 (D. N.M. Apr. 4, 2013); *Atlas Res., Inc. v. Liberty Mut. Ins. Co.*, No. CIV 09-1113 WJ/KBM, 2013 U.S. Dist. LEXIS 45187, at *15-18, 38-46 (D. N.M. Mar. 28, 2013); *Mitchell v. Manzer*, No. 12-cv-00780-WJM-MJW, 2013 U.S. Dist. LEXIS 62326, at *5-13 (D. Colo. Mar. 4, 2013).

8

others." *Id.* at 922. Although entry of default judgment is a drastic sanction, it is appropriate in cases of "willful misconduct." *Id*. at 920; *see also Whatcott v. City of Provo*, 231 F.R.D. 627, 630-631 (D. Utah 2005). "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." *Ehrenhaus*, 965 F.2d at 920. The court now turns to addressing the *Ehrenhaus* factors in this case.

## I. Prejudice

Defendants' actions in this case have caused a high degree of prejudice to Plaintiffs. Defendants' failure to cooperate in discovery in this case has caused significant delay and forced Plaintiffs to incur unnecessary attorney fees. The discovery requests at issue were served on Defendants over two years ago. Plaintiffs have repeatedly attempted to obtain discovery from Defendants both with and without court assistance. Plaintiffs have been forced to continually extend discovery deadlines and file discovery related motions. Jason refused to participate in his scheduled deposition. While Melanie did attend her scheduled deposition, she did not meaningfully participate in that deposition. All of these actions demonstrate a pattern of conduct pursued intentionally by Defendants to prevent Plaintiffs from pursuing their case, which has resulted in significant prejudice.

## II. Interference With Judicial Process

Defendants' actions have caused substantial interference with the judicial process. As noted above, Defendants have failed to comply with five separate court orders concerning their participation in the discovery process. Those orders consistently warned Defendants that their failure to comply with the orders could result in sanctions, including the striking of their

pleadings and the entry of default judgment against them. Defendants have failed to heed those warnings, and their failure to comply with court orders demonstrates a lack of respect for the court's authority and the judicial process. As noted by the district judge in *Ehernhaus*, if a party can "ignore court orders . . . without suffering the consequences, then the district court cannot administer orderly justice, and the result would be chaos." *Id*. at 921.

### III. Culpability

Defendants' actions in this case are not a result of their lack of familiarity with the judicial process as pro se litigants. Instead, their course of conduct establishes a high degree of culpability on their part. The court is not faced with a situation in which Defendants may not have been aware of their obligations to participate in discovery. Defendants have been aware of Plaintiffs' discovery requests for over two years, and Defendants have disobeyed multiple court orders directing them to respond to those discovery requests and participate in the discovery process. Again, those actions establish an intentional and willful course of conduct undertaken to prevent Plaintiffs from pursuing their case.

### IV. Advance Warning

Defendants were specifically warned in both the Fourth Order and the Fifth Order that their failure to fully respond to Plaintiffs' discovery requests or to cooperate in the scheduling of or participation in their depositions could result their pleadings being stricken and default

judgment being entered against them.[16]  Defendants were reminded of this warning in an e-mail sent by Plaintiffs' counsel to both Jason and Melanie on November 9, 2012.[17]

Despite those warnings, Jason has failed to produce a single document, provide any responses to Plaintiffs' discovery requests, or testify at his properly noticed deposition.  Melanie has likewise failed to participate in discovery.  While she did appear for her deposition, she did not participate in the deposition in any meaningful way.  Further, she has not fully responded to Plaintiffs' discovery requests.

## V.  Efficacy of Lesser Sanctions

The history of this case demonstrates that lesser sanctions would not have sufficient efficacy.  Monetary sanctions have previously been imposed, and Defendants have continued to disobey court orders concerning their participation in discovery.

## VI.  Conclusion

The court concludes that the five *Ehrenhaus* factors have been satisfied in this case and that those factors weigh heavily in favor of striking Defendants' pleadings and entering default judgment against them.  While the court recognizes that this is a drastic sanction, it is appropriate in light of Defendants' willful misconduct in this case, as detailed above.

---

[16]  *See* docket nos. 157, 166.

[17]  *See* docket nos. 178, Exhibit 10; 179, Exhibit 9.

ORDER

In summary, IT IS HEREBY ORDERED:

1.  Plaintiffs' motion to strike Melanie's pleadings and enter default judgment against her[18] is GRANTED.

2.  Plaintiffs' motion to strike Jason's pleadings and enter default judgment against him[19] is GRANTED.

3.  All other outstanding motions in this case related to Defendants[20] are MOOT.

4.  Given the court's decision to enter default judgment against Defendants, the court chooses not to enter a final order imposing monetary sanctions against Defendants, as indicated in the Fifth Order.

5.  Plaintiffs are directed to submit evidence of damages, including affidavits, that they feel are appropriate for a judgment against the Vaughns. Such documentation must be filed with the court no later than September 27, 2013.

SO ORDERED this 28th day of August, 2013.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge

---

[18] *See* docket no. 178.

[19] *See* docket no. 179.

[20] *See* docket nos. 168, 169, 174.