IN THE UNITED STATED DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TOM TIBBS, PEGGY TIBBS and HOME ADVANTAGE, LC, A Utah limited liability company,<br><br>                Plaintiffs,<br><br>vs.<br><br>JASON K. VAUGHN, et al.<br><br>                Defendants. | **ORDER AND MEMORANDUM DECISION RENEWING JUDGMENT AGAINST ALL DEFENDANTS**<br><br>Civil No. 2:08-cv-787-TC<br><br>Judge: Tena Campbell<br><br>Magistrate Judge: Paul M. Warner |

On January 11, 2019, Plaintiffs filed a Motion to Renew Judgment Against All Defendants (ECF No. 274), along with supporting affidavits.[1] Despite appropriate notice, none of the defendants have filed a responsive pleading or opposing memorandum within the time period permitted by DUCivR 7-1.

A judgment may be renewed or revived in federal court by complying with the state law governing such relief. McCarthy v. Johnson, 35 F. Supp. 2d 846, 847 (D. Utah 1997) ("revival of a judgment is relief available to plaintiff that she may pursue in this court by complying with Utah law"), aff'd, 172 F.3d 63 (10th Cir. 1999) (unpublished). This relief is authorized under either Rule 69(a) or Rule 81(b) of the Federal Rules of Civil Procedure. The Utah District Court in McCarthy cited Rule 69(a), which at the time stated "[t]he

---

[1] Plaintiffs previously submitted a Motion to Renew Judgment as to the Defendant Rick Koerber only (see ECF No. 268), anticipating they would subsequently file a motion to renew the judgment as to the remaining defendants. The court, in a November 2, 2018 Order (ECF No. 273), denied that motion without prejudice and directed the Plaintiffs to either submit a new motion as to all defendants or give notice to the remaining defendants about the initial motion to renew. Plaintiffs chose to file a new motion as to all defendants, and that is now before the court.

1

procedure . . . shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought."

Rule 69(a) in its current form similarly provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). In affirming the district court in McCarthy, the Tenth Circuit noted that "[a]uthority also exists for allowing such motions under Fed. R. Civ. P. 81(b), which provides that '[r]elief heretofore available by mandamus or *scire facias* may be obtained by appropriate action or by appropriate motion under the practice prescribed by these rules.'" McCarthy v. Johnson, 172 F.3d 63 (10th Cir. 1999) (unpublished).

At the time of the two McCarthy decisions, "[t]he procedure for reviving a judgment in Utah [was] not clear" as there was not a "Utah statute that directly address[ed] the matter." 35 F. Supp. 2d at 848. However, in 2011 the Utah State Legislature enacted the Utah Renewal of Judgment Act, Utah Code Ann. § 78B-6-1801, et seq.

Utah Code authorizes revival of a judgment when six conditions are met. First, a motion must be filed in the original action. Utah Code Ann. § 78B-6-1802(1). Second, "the motion [must be] filed before the statute of limitations on the original judgment expires." Id. § 78B-6-1802(2). Under Utah law, a judgment "shall continue for eight years from the date of entry in a court[.]" Id. § 78B-5-202(1). Third, the motion must include "an affidavit that contains an accounting of the original judgment and all postjudgment payments, credits, and other adjustments which are provided for by law or are contained within the original judgment." Id. § 78B-6-1802(3). Fourth, the court must find that the facts in the affidavit are accurate and that notice of the motion "was sent to the most current address known for the judgment debtor[.]" Id. § 78B-6-1802(4). Fifth, the time for responding to the motion

must have expired. Id. § 78B-6-1802(5). Six, all required court fees have been paid. Id. § 78B-6-1802(6).

Based on a review of the motion and supporting documents, the court finds that each of the conditions has been met. Accordingly, Plaintiffs are entitled to a renewal of the judgment for an additional eight years.

## ORDER

For the foregoing reasons, Plaintiffs' Motion to Renew Judgment as to All Defendants (ECF No. 274) is GRANTED as follows:

1. The February 7, 2011 judgment (ECF No. 95) (which was certified as a final judgment by the court's October 3, 2013 order (ECF No. 195)) is hereby renewed for an additional eight years from the date of this order.

2. The October 3, 2013 judgment (ECF No. 194) (which was certified as a final judgment by the court's October 3, 2013 order (ECF No. 195)) is hereby renewed for an additional eight years from the date of this order.

3. No additional attorney fees or costs of court have been requested and none are awarded pursuant to this renewal of the judgments.

4. If Plaintiffs wish to record the payments that have been made since the original entry of judgment (as set forth in their motion), they may file proper documentation with the court reporting partial satisfaction of the judgment.

SO ORDERED this 11th day of February, 2019.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge